IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALPINE BUILDING, LLC, a Utah limited liability company; and GROVE CREEK, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>APPLIED UNDERWRITERS, INC., a Nebraska corporation; APPLIED UNDERWRITERS CAPTIVE RISK ASSURANCE COMPANY, INC., an Iowa corporation; CALIFORNIA INSURANCE COMPANY, a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | **ORDER ON MOTION TO TRANSFER VENUE UNDER § 28 U.S.C. 1404(a)**<br><br>Case No. 2:18-cv-00805-JNP<br><br>District Judge Jill N. Parrish |

Defendants have moved to transfer venue to the District of Nebraska pursuant to a forum selection clause contained within a contract signed by Plaintiffs. Plaintiffs oppose the motion. Oral argument was requested but not deemed necessary. For the reasons below, the motion to transfer is **GRANTED**, and this action is transferred to the United States District Court for the District of Nebraska (Omaha).

## I. BACKGROUND

Plaintiffs Alpine Building, LLC and Grove Creek, LLC are both Utah limited liability companies with their principal places of business in American Fork, Utah. Defendant Applied Underwriters, Inc. ("Applied Underwriters") is a Nebraska corporation with its principal place of business in Omaha, Nebraska. Plaintiffs represent that Applied Underwriters is the corporate parent of the other named Defendants in this action. Complaint at 2, ¶ 4, Docket No. 2.

Defendant Applied Underwriters Captive Risk Assurance Company, Inc. ("AUCRA") is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa. Defendant California Insurance Company ("CIC") is a California corporation with its principal place of business in Foster City, California. Plaintiffs have also named as Defendants "Does 1 through 10." The true identities and capacities of these defendants are unknown to Plaintiffs, but Plaintiffs have made assurances to this court that they will amend the complaint when the true identities and capacities of these entities become known. *Id*. at 3 ¶ 8.

Plaintiffs commenced this action on October 15, 2018 by filing a complaint for declaratory relief, injunctive relief, restitution, contract damages, prejudgment and post-judgement interest, and attorney fees, costs, and expenses. Plaintiffs allege that (1) Defendants violated state law by selling Plaintiffs an insurance policy without submitting the policy to the Utah Insurance Department; (2) Defendants committed insurance fraud; (3) Defendants breached their contract with Plaintiffs; and (4) Defendants breached their implied covenant of good faith and fair dealing arising out of their contract with Plaintiffs.

The allegations involve a workers' compensation program ("EquityComp"), which Defendants allegedly sold to Plaintiffs. Plaintiffs allege that Applied Underwriters established its subsidiary, AUCRA, to enter into contracts with insureds. Complaint at 4, ¶ 13. These contracts were known as Reinsurance Participation Agreements ("RPAs"). Plaintiffs allege that these RPAs were unapproved insurance programs that provided materially different benefits than those represented by Defendants' promotional materials. Id. at 5, ¶ 18.

At issue here is a forum selection clause contained in the RPA. Pursuant to Section 13(B) of the RPA, "any legal suit, action or proceeding arising out of, related to or based upon this agreement… must only be instituted in the federal courts of the United States of America or the

courts of the State of Nebraska… located in Omaha and the County of Douglas." Exhibit A at 3-4 (capitalization omitted). Defendants move to transfer this case to the United States District Court for the District of Nebraska (Omaha). Plaintiffs oppose the motion.

## II.  DISCUSSION

Under 28 U.S.C. § 1404(a), "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A motion to transfer pursuant to a valid forum selection clause is one justification for a transfer. *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 52 (2013). "When a defendant files such a motion . . . a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id*. "[B]ecause the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' 'a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Id*. at 581 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)) (alteration in original). Thus, "[w]hen the parties have agreed to a valid forum selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atlantic Marine*, 571 U.S. 49, 62 (2013).

### A.  Validity of Forum Selection Clause

Section 13(B) of the RPA provides:

Any legal suit, action, or proceeding arising out of, related to or based upon this agreement, or the transactions contemplated hereby or thereby must only be instituted in the federal courts of the United States of America or the courts of the State of Nebraska, in each case located in Omaha and the County of Douglas, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding.

Exhibit A at 3-4.

3

The Tenth Circuit has held that forum selection clauses are prima facie valid and will be enforced if the forum selection clause is deemed (1) mandatory and (2) not invalid due to fraud or overreaching. *See Riley v. Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992), cert. denied, 506 U.S. 1021 (1992); *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 1916, 32 L. Ed. 2d 513 (1972); *Niemi v. Lasshofer*, 770 F.3d 1331, 1351 (10th Cir. 2014). Federal law governs whether the parties' forum-selection clause should be enforced and whether transfer is appropriate under 28 U.S.C. § 1404(a). *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988).

   1. *Mandatory Language*

The language in the RPA's forum selection clause is clearly mandatory, not permissive. The Tenth Circuit has held that a forum selection clause can be considered mandatory if it uses exclusive terminology, such as 'exclusive,' 'sole,' or 'only,' *K &V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 500 (10th Cir. 2002), or if it uses language evincing mandatory intent such as 'shall.' *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1345-46 (10th Cir. 1992). Although the forum selection clause at issue does not use the word 'shall,' the court concludes that the phrase 'must only' within the RPA evinces a similar mandatory intent. And the use of words such as 'irrevocably' and 'exclusive jurisdiction' clearly and precisely illustrate the binding nature of the forum selection clause.

   2. *No Fraud or Overreach*

The Supreme Court has held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972). Moreover, "a party

4

resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." *Riley v. Kingsley Underwriting Ag., Ltd.*, 969 F.3d 953, 957 (10th Cir. 1992). "A plaintiff seeking to avoid a choice provision on a fraud theory must . . . plead fraud going to the *specific provision*." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 960 (10th Cir.1992) (emphasis added); *see also Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974) (noting "a forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion").

Plaintiffs have alleged that the forum selection clause in the RPA at issue is unenforceable because "(1) the agreement is an illegal, unfiled insurance form under Utah law, (2) defendants committed insurance fraud through the agreement and related actions, and (3) the agreement is unconscionable." Docket No. 28 at 2. Plaintiffs' first two allegations regarding Defendants' insurance program do not specifically relate to the forum selection clause. Claims asserting the unconscionability of the RPA have been categorized by Plaintiffs as "substantive" and "procedural" unconscionability claims. Within Plaintiffs' arguments regarding the procedural unconscionability of the RPA, Plaintiffs cite the lack of "meaningful opportunity to read or understand the agreement" as a reason for invalidating the entire agreement, including the forum selection clause.

Although Plaintiffs allege the *general* fraudulent conduct of Defendants, Plaintiffs have not alleged that the *specific* forum selection clause at issue was the result of "fraud or overreaching." When evaluating the validity of forum selection clauses, the Tenth Circuit has held that "voiding a mandatory forum selection clause requires somewhat more" than such generalized allegations of fraud. *Niemi v. Lasshofer*, 770 F.3d 1331, 1351 (10th Cir. 2014). For example, in

5

*Niemi*, Plaintiff alleged that Defendants misrepresented the reasons for including a forum selection clause in a contract between the two parties. Plaintiff later found out that these representations were fraudulent.[1] Based on these particularized allegations of fraud related to the forum selection clause itself, the Tenth Circuit upheld the district court's non-enforcement of that clause. The allegations in this case, however, are not so specific. Indeed, there is nothing to suggest this forum selection clause is invalid due to fraud or overreaching.[2]

### B. Non-Signatories

Plaintiffs argue that the forum selection clause does not apply to two out of the three Defendants in this case, noting that neither Applied Underwriters nor CIC is a signatory to the RPA. However, courts have ruled that non-parties to a contract may be bound by a forum selection clause contained in that contract if they are "closely related" to the dispute such that it becomes "foreseeable" that they will be bound. *Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n. 5 (9th Cir.1988); *see also Hugel v. The Corp. of Lloyd's*, 999 F.2d 206, 209-10 (7th Cir. 1993) (permitting the enforcement of a forum selection clause against two non-signatory plaintiff corporations based on the signatory plaintiff's control of the two corporations); *Carlyle Inv. Management LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218-222 (remanding a case to state

---

[1] In *Niemi*, three investors (Plaintiffs) alleged that during a loan agreement negotiation, Plaintiffs asked the lenders (Defendants) why a forum selection clause stipulated that legal action be brought in New York, despite the project's location in Colorado. *Id*. at 1352. Defendants responded by noting that previous loan agreements made with borrowers had also required such a provision because New York was international businessmen's frequent choice of forum. *Id*. Plaintiff later learned that Defendants had never actually loaned any other entity money. *Id*.

[2] Even in jurisdictions that are more favorable than federal courts to the invalidation of forum selection clauses based on fraud, plaintiffs are required to make their pleadings with particularity. Under Utah law, "should a plaintiff attempt to argue that the clause is unenforceable due to fraud, the plaintiff must then satisfy rule 9(b) of the Utah Rules of Civil Procedure, which requires "the circumstances constituting fraud . . . [to] be stated with particularity" in the complaint." *Energy Claims Ltd. v. Catalyst Inv. Grp. Ltd.*, 2014 UT 13, ¶ 45, 325 P.3d 70, 86. In this case, Plaintiff has failed to allege with the requisite particularity the circumstances constituting fraud even under the relatively less stringent state law requirements.

court pursuant to a forum selection clause in a contract to which the appellant was a non-signatory).

Although AUCRA is the only Defendant signatory to the RPA in this case, both Applied Underwriters and CIC were closely related parties who could have foreseeably been bound by the RPA. Plaintiffs note in the Complaint that AUCRA "is a subsidiary of Applied Underwriters Inc.," and "is a corporate affiliate of the other Berkshire Hathaway affiliate defendants named herein." Complaint 2 ¶ 5. Plaintiffs also indicate that "[u]pon information and belief, CIC and AUCRA have no employees of their own, their work being done by the employees of Applied Underwriters." Complaint 3 ¶ 7. Finally, Plaintiffs allege that the three entities in question were heavily involved in the EquityComp program at issue in this litigation.[3] Given the close corporate relationship between the three Defendant entities in question and the close involvement of all three entities with the insurance program at issue, this court finds that AU and CIC may join AUCRA in enforcing the forum selection clause against Plaintiffs.

### C.  § 1404(A) Public Interest Factors

In light of this court's determination that the forum selection clause in the RPA is valid and enforceable, the motion to transfer should be granted absent "extraordinary circumstances unrelated to the convenience of the parties." *Atlantic Marine*, 571 U.S. 49, 52 & n.5. Once a forum selection clause has been deemed valid and enforceable, Plaintiffs' choice of forum receives "no weight," and the court "should not consider arguments about the parties' private interests" when considering a motion to transfer. *Id*. at 64. Thus, the court must only consider public interest factors, which include "the administrative difficulties flowing from court

---

[3] Plaintiffs represent that Applied Underwriters would solicit companies to enter into the program, AUCRA would execute the RPA, and CIC would issue a guaranteed-cost policy. Complaint 5 ¶ 17.

7

congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*. at n.5 & n.6.

Plaintiffs make no argument regarding court congestion. This factor is neutral, and does not favor litigating in one forum over another. The number of pending district court cases in Utah is 466, compared to 412 in Nebraska. *See* Table N/A—U.S. District Courts—Combined Civil and Criminal Federal Court Management Statistics (June 30, 2019).[4] The median time in months between filing to disposition for civil cases is also similar: 10.0 for Utah and 8.3 for Nebraska.

The second factor relates to the local interest in having localized controversies decided at home. Both Utah and Nebraska have a local interest in this dispute because Plaintiffs are Utah companies, while Defendant Applied Underwriters is a Nebraska entity that serves as the corporate parent of AUCRA and CIC.[5] Despite the fact that some aspects of this case involve Utah insurance law, federal courts sitting in diversity are often required to interpret state law outside the forum state. Such is the nature of the federal system, and this concern on its own does not overcome the enforceability of a valid forum selection clause.

The third factor contemplated by *Atlantic Marine* is the interest in having the trial of a diversity case in a forum that is at home with the law. This factor weighs in favor of transferring based on the choice-of-law provision included within the RPA. It states:

> This Agreement shall be governed by and construed in accordance with the internal laws of the State of Nebraska without giving effect to any choice or conflict of law provision or rule (whether of the State of Nebraska or any other jurisdiction) that would cause the application of Laws of any jurisdiction other than those of the State of Nebraska.

---

[4] https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2019.pdf

[5] Plaintiffs have also represented that Applied Underwriters is the only defendant with employees. Complaint at 3, ¶ 7, Docket No. 2. Plaintiffs have also claimed that all of the work of CIC and AUCRA is "being done by the employees of Applied Underwriters." *Id*.

Exhibit A (RPA) at 3.

Thus, the public interest factors in this case do not present any "extraordinary circumstances" that would warrant denial of Defendants' motion to transfer based on a valid and enforceable forum selection clause.

### D.  ORDER

For the reasons above, Defendants' motion to transfer venue (ECF No. 26) is **GRANTED**. Pursuant to 28 U.S.C. § 1404(a), this action is **TRANSFERRED** to the United States District Court for the District of Nebraska (Omaha).

Signed September 27, 2019.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge